# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

ST. JOHNS INSURANCE COMPANY, INC., a/s/o
Giovanni Caspellana and Sonia Caspellana,

    Plaintiff,

v.                        CASE NO: 2:10-cv-267-FtM-UA-SPC

HEWLETT PACKARD COMPANY,

    Defendant.
_____/

## O R D E R

Upon due consideration of the parties' written submissions, it is ordered and adjudged that Defendant's perfunctory Motion for Costs (Dkt. 147) is denied without prejudice for failure to comply with the conferral requirements of Local Rule 3.01(g). The parties shall confer *personally* within the next seven (7) days in a good faith effort to agree on the amount of taxable costs Defendant is entitled to recover pursuant to the provisions of 28 U.S.C. § 1920. Defendant is advised to take heed of the law cited in Plaintiff's objections to Defendant's motion, particularly the Supreme Court case of Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S.

437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987),[1] with regard to what constitutes taxable costs under the statute.

**DONE AND ORDERED** at Tampa, Florida, on May 23, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[1] In <u>Morrison v. Reichhold Chemicals, Inc.</u>, 97 F.3d 460, 463 (11th Cir. 1996), the Eleventh Circuit, citing <u>Crawford</u>, found that the district court committed error 'in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under [28 U.S.C.] § 1821[.]"